**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TRACY D. MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-25-TLW** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Tracy D. Moore seeks judicial review of the decision of the Commissioner of the

Social Security Administration denying his claim for disability insurance benefits under Title II

of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance

with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States

Magistrate Judge. (Dkt. 8). Any appeal of this decision will be directly to the Tenth Circuit Court

of Appeals.

### INTRODUCTION

In reviewing a decision of the Commissioner, the Court is limited to determining whether

the Commissioner has applied the correct legal standards and whether the decision is supported

by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005).

Substantial evidence is more than a scintilla but less than a preponderance and is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The

Court's review is based on the record, and the Court will "meticulously examine the record as a

whole, including anything that may undercut or detract from the ALJ's findings in order to

determine if the substantiality test has been met." Id. The Court may neither re-weigh the

evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## ISSUES

On appeal, plaintiff raises two issues: (1) that the ALJ "erred as a matter of law in rejecting the opinion of the treating physician"; and (2) that the ALJ "should have re-contacted Dr. Woosley [plaintiff's treating neurosurgeon] for additional treatment notes." (Dkt. 15).

### Treating Physician Opinion

Plaintiff argues that the reasons given by the ALJ for rejecting Ronald E. Woosley, M.D.'s opinion are not supported by substantial evidence. (Dkt. 15).

Ordinarily, a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); see also Hackett v. Barnhart, 395 F.3d at 1173-74 (citing Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003)). If the ALJ discounts or rejects a treating physician opinion, he is required to explain his reasoning for so doing. See Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987) (stating that an ALJ must give specific, legitimate reasons for disregarding a treating physician's opinion); Thomas v. Barnhart, 147 F. App'x 755, 760 (10th Cir. 2005) (holding that an ALJ must give "adequate reasons" for rejecting an examining physician's opinion and adopting a non-examining physician's opinion).

The analysis of a treating physician's opinion is sequential. First, the ALJ must determine whether the opinion qualifies for "controlling weight," by determining whether it is well-

supported by medically acceptable clinical and laboratory diagnostic techniques and whether it is consistent with the other substantial evidence in the administrative record. Watkins, 350 F.3d at 1300. If the answer is "no" to the first part of the inquiry, then the analysis is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. Id. "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

However, even if the ALJ finds the treating physician's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the record, treating physician opinions are still entitled to deference and must be evaluated in reference to the factors enumerated in 20 C.F.R. § 404.1527. Those factors are as follows:

> (1) the length of the treating relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed, (3) the degree to which the physician's opinion is supported by relevant evidence, (4) consistency between the opinion and the record as a whole, (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

Watkins, 350 F.3d at 1301 (citing Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001)). The ALJ must give good reasons in his decision for the weight he ultimately assigns the opinion. Id. (citing 20 C.F.R. § 404.1527(d)(2)). The reasons must be of sufficient specificity to make clear to any subsequent reviewers the weight the adjudicator gave to the treating physician's

opinion and the reasons for that weight. <u>See</u> <u>Andersen v. Astrue</u>, 319 F. App'x 712, 717 (10th Cir. 2009) (unpublished).[1]

In his recitation of the medical evidence, the ALJ did discuss Dr. Woosley's limited treatment notes, including the results of MRI and CT testing that Dr. Woosley ordered. (R. 19-20). After considering this evidence, the ALJ subsequently found that Dr. Woosley's opinion was not entitled to controlling weight for the following reasons:

> Dr. Woosley's treatment notes do not fully support his medical opinion. Dr. Woosley's objective findings on June 28, 2012, show decreased range of motion in the neck to a moderate degree and pain on flexion and extension of the neck, with mild Hoffmann's bilaterally and slight increase in tone. However, the claimant had 4+ strength in all muscle groups, and the claimant walked without difficulty. There was no definite loss of sensation (Exhibit 4F, page 4).
>
> …
>
> Dr. Woosely's medical opinion is further inconsistent with Dr. Laughlin's objective findings. On April 14, 2011, Dr. Laughlin did indicate physical examination to show normal muscle strength and tone, and normal, symmetric, and physiologic reflexes. Dr. Laughlin found no joint abnormalities and good range of motion to the spine and the extremities (Exhibit 1F, page 8).
>
> …
>
> In addition, the MRI taken on December 22, 2011 showed no evidence for cord compression (Exhibit 1F, page 52). Given this, the undersigned does not accord controlling weight to Dr. Woosley's medical source opinion.

(R. 20-21). The ALJ also discounted Dr. Woosley's opinion that plaintiff was "temporarily totally disabled" in terms of his Workers' Compensation claim. (R. 21).

From the ALJ's discussion of the medical records and Dr. Woosley's opinion, it is apparent that the ALJ considered Dr. Woosley's treatment notes, the imaging findings from the

---

[1] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential, but may be cited for their persuasive value."

testing Dr. Woosley ordered, and the record as a whole in finding that Dr. Woosley's opinion

was not supported by the medical evidence. See Andersen, 312 F. App'x at 717. As the Tenth

Circuit has held,

> [w]here, as here, we can follow the adjudicator's reasoning in conducting our
> review, and can determine that correct legal standards have been applied,
> merely technical omissions in the ALJ's reasoning do not dictate reversal. In
> conducting our review, we should, indeed must, exercise common sense. The
> more comprehensive the ALJ's explanation, the easier our task; but we cannot
> insist on technical perfection.

Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166 (10th Cir. 2012). The ALJ accurately cited the

results of the objective medical testing, and the Court is able to clearly follow his reasoning

regarding Dr. Woosley's opinion.

### Re-contacting Dr. Woolsley

Plaintiff argues that the ALJ "had affirmative [sic] obligation to obtain all treatment notes

from Dr. Woosley regarding the Claimant's treatment one year prior to the alleged onset date of

December 9, 2009." (Dkt. 15 at 9). Plaintiff overlooks the fact that he bears the burden of proof

through step four, where the burden then shifts to the Commissioner at step five. Williams v.

Bowen, 844 F.2d 748, 751 (10th Cir. 1988). Furthermore, plaintiff's counsel affirmed during the

ALJ hearing that the record exhibits were complete barring one expected from Dr. Woosley, and

the ALJ held the record open for ten days for plaintiff to submit Dr. Woosley's medical source

statement. (R. 42-42, 307-310).

### CONCLUSION

For the foregoing reasons, the ALJ's decision finding plaintiff not disabled is hereby

AFFIRMED.

SO ORDERED this 31st day of March, 2016.

_____

T. Lane Wilson
United States Magistrate Judge